**NEUBERGER AND SCOTT, et al.,**

v.

**William SHAPIRO, et al.**

**No. CIV.A. 97–7947.**

United States District Court, E.D. Pennsylvania.

Sept. 13, 2000.

Seymour Kurland, Dechert, Price and Rhoads, Philadelphia, PA, for Seymour Kurland.

Michael J. Molder, John F. Iannelli, Innelli and Molder, Philadelphia, PA, for Werner Neuberger, Louis Scott.

Nina B. Shapiro, Lancaster, PA, for William Shapiro, Nathan Tattar.

William Shapiro, Bala Cynwyd, PA, pro se, Welco Securities, Inc.

Kenneth B. Shapiro, Bala Cynwyd, PA, pro se.

Nathan Tattar, Havertown, PA, pro se.

Mark A. Keraney, Elliott, Reihner, Siedzikowsky and Egan, P.C., Blue Bell, PA, Marc S. Henzel, Law Offices of Marc S. Henzel, Philadelphia, PA, for John B. Orr, Adam Varrenti, Jr.

John B. Orr, Drexel Hill, PA, pro se.

Aegis J. Frumento, Jenice L. Malecki, Singer, Frumento, LLP, New York City, Stuart L. Melnick, Tanner Propp, LLP, New York City, for R.F. Lafferty & Co., Inc., A.L. Wellen & Co.

David C. Franceski, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, PA, David R. Dwares, David L. Perry, Ross, Dickson & Bell, L.L.P., Washington, DC, for Cogen, Sklar, L.L.P.

Matthew J. Hamilton, Pepper, Hamilton, LLP, Philadelphia, PA, Barbara W. Mather, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Official Committee of Unsecured Creditors.

Deljean Shapiro, Bala Cynwyd, PA, pro se.

Philip R. Bagley, Bala Cynwyd, PA, pro se.

## MEMORANDUM

LUDWIG, District Judge.

This memorandum follows order entered August 23, 2000, granting plaintiffs' "Motion to Compel Nonparty A.L. Wellen & Co. to Appear for a Deposition." Upon reconsideration—as requested—that order shall remain in effect.

This is an action for violations of §§ 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o. The complaint alleges that from December 1994 to August 1997 securities filings made by Equipment Leasing Corporation of America (ELCOA) contained material misrepresentations for which defendants are legally responsible. Defendant R.F. Lafferty & Co. was the independent underwriter that issued a fairness opinion as to the pricing of ELCOA certificates. A .L. Wellen & Co. was Lafferty's accountant and independent auditor.[1]

On July 6, 2000, plaintiffs moved to compel non-party Wellen's deposition to obtain information to impeach the trial testimony of Henry Hackel. Hackel is the principal and primary officer of Lafferty, who, according to its counsel, will testify on Lafferty's behalf. Plaintiffs assert that Hackel, acting for Lafferty, submitted false securities filings for his own company, and that his having done so impugns his credibility as a witness in the present action. The objection is that such evidence is irrelevant and that the proposed deposition would amount to harassment.

■■■ The Federal Rules of Civil Procedure "allow broad and liberal discovery." *Pacitti v. Macy's,* 193 F.3d 766, 777 (3d Cir.1999); Fed.R.Civ.P. 26(b)(1). Admissibility as competent evidence is not the hallmark of discoverability; the discovery standard is less stringent—it requires only a reasonable

likelihood that the discovered information will bring about the production of relevant evidence. *See* Fed.R.Civ.P. 26(b)(1) ("The information sought need not be admissible at the trial if the information ... appears reasonably calculated to lead to the discovery of admissible evidence"). Indeed, witness impeachment is a time-honored basis for discovery, as held long ago in *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (non-privileged information in attorney's files is discoverable because "[s]uch written statements and documents ... might be useful for purposes of impeachment or corroboration"); *see also* Wright, Miller, & Marcus, Federal Practice and Procedure, Civil 2d § 2015 ("Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition").

■■■ Here, the deposition information to be elicited by plaintiffs may well be inadmissible or have limited utility under the Federal Rules of Evidence. *See* Fed.R.Evid. 608(b) (specific instances of conduct offered to demonstrate the truthfulness or untruthfulness of a witness cannot be proven by extrinsic matters, but can be inquired into on cross-examination). *But see* Fed.R.Evid. 403. At this point it is premature to rule on the admissibility of such evidence. The question whether information obtained in the deposition will be usable, either for cross-examination or as extrinsic proof, is best left until trial. In the meantime, the requested discovery, which may aid in disclosing admissible evidence or at least offer bases for cross-examination as to credibility, shall be allowed. The deposition should be taken promptly, and its duration should be reasonably limited.

---

1. Counsel for A.L. Wellen & Co. also represents R.F. Lafferty & Co.